# CITY OF SOUTH BEND *v.* CHICAGO, SOUTH BEND AND NORTHERN INDIANA RAILWAY COMPANY.

## [No. 21,851. Filed April 25, 1913.]

1. MUNICIPAL CORPORATIONS. — *Powers.* — Municipal corporations have only such powers as are granted in express words, those necessarily or fairly implied, or incidental to the powers expressly granted, and those that are essential to the declared objects and purposes of the corporation.   p. 457.

2. MUNICIPAL CORPORATIONS. — *Powers.* — *Implied Powers.* — *Construction.*—No incidental powers are implied except those essential to the continued existence of the municipality and to the accomplishment of the purposes of its creation, and doubtful claims of authority are resolved against the corporation.   p. 457.

3. MUNICIPAL CORPORATIONS.—*Powers.—Statutes.—Presumptions.*— Where a statute enumerates specific powers of a city, with reference to a certain subject, a power not enumerated is presumably withheld.   p. 457.

4. MUNICIPAL CORPORATIONS.— *Powers.— Sprinkling Streets.— Ordinance Compelling Street Car Company to Sprinkle.—Validity.*— Under the provisions of §8655 Burns 1908, Acts 1905 p. 219, §55, authorizing cities to require interurban or street car companies to keep gutters and street crossings clean along their right of way, to carry out the objects of the corporation not particularly specified, and to declare what shall constitute a nuisance, and provide for its prevention and abatement, and the provisions of §8961 Burns 1908, Acts 1905 p. 219, §267, giving cities exclusive power over streets, construed with §§8696, 8697, 8742-8744, 8963 Burns 1908, Acts 1905 p. 219, §§93, 94, 135-137, 268, on the subject of street sprinkling in cities and towns, and providing for the assessment of the cost against abutting real estate, or the payment of same out of the municipal treasury, a city is without authority to enact an ordinance to compel a street car company to sprinkle the space between its tracks.   p. 457.

From St. Joseph Superior Court; *Vernon W. Van Fleet,* Judge.

Action by the City of South Bend against the Chicago, South Bend and Northern Indiana Railway Company. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*Iden S. Romig, S. J. Crumpacker* and *Anderson, Parker & Crabill,* for appellant.

*Harry R. Wair, Ferdinand Winter* and *James M. Barrett,* for appellee. .

Morris, J.—Action by appellant, against appellee, for a violation of a city ordinance which required companies operating street car lines in the city, to sprinkle the space between their tracks, so as to effectually lay dust. The question presented is the power of the city to enact the ordinance; if it had such power the judgment should be reversed; if not, it must be affirmed.

A city's charter measures its powers, and these consist of such as are expressly, or impliedly, granted by the legislature to the municipality. It is not claimed by appellant that there is any express grant of such power, but, that authority to enact the ordinance is implied from certain express grants of power to municipalities, found in the act of 1905, concerning municipal corporations, as follows: (a) "To secure the safety of citizens and other persons in the running of trains or cars in and through any such city, whether propelled by steam, electricity or other motive power. * * * To require railroad, interurban or street car corporations or persons owning or operating such roads to keep gutters and streets crossings clean along their right of way. * * * " §8655 Burns 1908, subd. 49, Acts 1905 p. 219, §55. (b) "To carry out the objects of the corporation, not hereinbefore particularly specified." §8655 Burns 1908, subd. 53, Acts 1905 p. 219, §55. (c) "Every city and town, except when otherwise provided by law, shall have exclusive power over the streets * * * within such city. * * * " §8961 Burns 1908, Acts 1905 p. 219, §267. (d) "To declare what shall constitute a nuisance, to prevent the same, require its abatement, authorize the removal of the same by the proper officers, and provide for punishment of the person or persons causing or suffering the same, and to assess the expense of its removal against such person

or persons, and to provide for collecting such expense either by causing them to be placed on the tax duplicate or by suit.'' §8655 Burns 1908, subd. 7, Acts 1905 p. 219, §53.

The act of 1905 contains provisions on the subject of street sprinkling in cities and towns. §§8696, 8697, 8963, 8742, 8743, 8744 Burns 1908, Acts 1905 p. 219, §§93, 94, 268, 135, 136, 137. Under these provisions, the cost is assessed against the real estate abutting on the streets sprinkled, or paid out of the municipal treasury.

In numerous decisions this court has held that municipal corporations can exercise only, (1) powers granted in express words, (2) those necessarily or fairly implied, or incidental to the powers expressly granted; and, (3) those essential to the declared objects and purposes of the corporation. *Pittsburgh, etc., R. Co.* v. *Town of Crown Point* (1896), 146 Ind. 421, 422, 45 N. E. 587, 35 L. R. A. 684; *City of Elkhart* v. *Lipschitz* (1905), 164 Ind. 671, 74 N. E. 528; *State, ex rel.,* v. *Indianapolis Union R. Co.* (1903), 160 Ind. 45, 66 N. E. 163, 60 L. R. A. 831; *Lake County Water, etc., Co.* v. *Walsh* (1903), 160 Ind. 32, 65 N. E. 530, 98 Am. St. 264; *Scott* v. *City of Laporte* (1904), 162 Ind. 34, 68 N. E. 278, 69 N. E. 675. No incidental powers are implied except those essential to the continued existence of the municipality and to the accomplishment of the purposes of its creation, and doubtful claims of authority are resolved against the corporation. *Pittsburgh, etc., R. Co.* v. *Town of Crown Point, supra.* Where a statute enumerates specific powers of a city, with reference to a certain subject, a power not enumerated is presumably withheld. *Scott* v. *City of Laporte, supra; City of Elkhart* v. *Lipschitz, supra.*

It is manifest that the power claimed is not essential to the continued existence of the municipality or to the accomplishment of the declared objects and purposes of the corporation. The latter has the power, under express statutory provisions, to sprinkle the streets of the

city at the expense of the municipality, or abutting property owners. The fact that express provision has been made to defray the expenses of sprinkling, in the manner stated, creates the presumption that the authority claimed by appellant was intended by the legislature to be withheld. *Scott v. City of Laporte, supra; City of Chicago v. M. & M. Hotel Co.* (1911), 248 Ill. 264, 93 N. E. 753; *Bogue v. Bennett* (1901), 156 Ind. 478, 60 N. E. 143, 83 Am. St. 212.

Appellant claims that the authority sought may be found in the provisions of the nuisance clause above quoted. It is obvious that the ordinance was not enacted under such theory, for there is a failure therein to declare the dust a nuisance. If such declaration were found in the ordinance, appellant's contention should not prevail because it would permit the accomplishment of a purpose by indirect means not permissible by direct ones.

The question here is not what power the legislature might lawfully have delegated to the city of South Bend, but, rather, what it, in fact, has granted. It is not whether, under proper legislative authority a city might not compel street car companies, owners of automobiles or other vehicles propelled by engines, or of vehicles drawn by animal power, to bear the expense of laying the dust created by such vehicles, but whether any such authority has been actually delegated.

Construed by the rules well recognized in this jurisdiction, the charter of South Bend delegated no power for the enactment of the ordinance in controversy, and the trial court did not err in sustaining appellee's demurrer to the amended complaint. Judgment affirmed.

NOTE.—Reported in 101 N. E. 628. See, also, under (1) 28 Cyc. 258; (2, 3) 28 Cyc. 262; (4) 28 Cyc. 855. As to a municipal corporation's power to make and enforce regulations compelling a street car company to sprinkle its tracks, see 104 Am. St. 652; 36 L. R. A. (N. S.) 235. As to the validity of a statute or ordinance requiring the watering of tracks by a street railway, see Ann. Cas. 1912 B 1139.