# Ellis, Treasurer, *v*. State of Indiana, ex rel. Myers.

[No. 22,694.. Filed October 27, 1915.[

1. Municipal Corporations.—*City Treasurer.—Payment of Warrants.—Mandamus.*—Where a warrant signed by the mayor and city clerk, after allowance of the claim by the common council, is presented to the treasurer for payment, the latter has only a ministerial duty to perform, since the statute (§8836 Burns 1914, Acts 1905 p. 219, §211) makes it his imperative duty to pay such orders; hence on his refusal to pay, mandamus will lie. p. 645.

2. Municipal Corporations.— *Officers.— Salary.— Refusing Payment for Absence.*—Where the mayor of a city was absent from the State and discharged no official duties for several weeks in July and August, but had drawn his salary for each of those months, the treasurer of the city had no right to refuse payment of warrants issued to the mayor for salary for the months of December and January following, on the ground that such mayor was not entitled to pay covering the period of such absence. p. 646.

From Hancock Circuit Court; *Earl Sample*, Judge.

Action in mandamus by the State of Indiana, on the relation of Ora Myers, against David H. Ellis, Treasurer of the City of Greenfield. From a judgment for relator, the defendant appeals. *Affirmed.*

*Robert F. Reeves* and *Arthur Van Duyn*, for appellant.
*William A. Hough*, for appellee.

Erwin, J.—This was an action for mandate to compel appellant, as treasurer of the city of Greenfield, to pay two certain warrants issued by said city to relator, appellee, in payment of salary for the months of December, 1911, and January, 1912. Separate complaints were originally filed on each warrant, but by agreement of parties the two were consolidated. Demurrers were addressed to each complaint and overruled. An answer was filed in three paragraphs. The court sustained a demurrer to the second. The issues were closed by a reply in general denial to the third para-

graph of answer. Trial was had by the court and upon proper and timely request made special findings of facts and stated conclusions of law thereon. The same questions are presented by exceptions to the conclusions of law as are raised by the demurrers to the complaint and second paragraph of answer; hence we omit the pleadings.

The findings of the court are as follows: (1) The relator herein, Ora Myers, at a city election held on November 2, 1909, for the election of city officers of the city of Greenfield was duly elected mayor of said city and thereafter took the oath of office, qualified as such mayor, and on January 3, 1910, entered upon his duties as such mayor of said city and for four years succeeding January 3, 1910, was the duly elected, qualified and acting mayor of the city of Greenfield. (2) That the city of Greenfield, Indiana, is a city of the fifth class as designated by the statutes of the State of Indiana. (3) That at said city election appellant, David Ellis was the duly elected city treasurer of said city of Greenfield and afterwards on November 9, 1909, duly qualified as such treasurer and filed his bond in the sum of $20,000 which bond was duly approved by said city and said Ellis thereafter on January 3, 1910, entered upon his duties as such treasurer, since which time he has been and is now duly elected, qualified and acting treasurer of the city of Greenfield, Indiana. (4) That the relator herein, by virtue of his office as mayor, acted as city judge in the city court of said city of Greenfield, Indiana. That said relator never at any time during the time he was acting as mayor of said city and as judge of the city court, executed any bond or undertaking for the faithful performance of his duties. (5) That on June 21, 1905, the common council of said city of Greenfield, by an ordinance duly passed, fixed the salary of the mayor of said city at the sum of $750 per annum, payable monthly at the rate of $62.50 per month, which ordinance, since its passage, has been and still is in full force and effect. (6) That on July 6, 1911, the relator

herein while acting as mayor of the city of Greenfield, departed from said city and from the State of Indiana and went to the state of Michigan and remained there for a period of forty-eight days and that said relator was not absent from the duties of said office and from the State upon any business connected with his said office, nor by reason of sickness or ill-health, but was so absent voluntarily and upon a pleasure trip to the state of Michigan. (7) That prior to so absenting himself, the relator herein appointed William A. Hughes as special judge of the city court of said city of Greenfield, Indiana, and during said absence of said relator the said Hughes so acted in such capacity and was paid by said city for his services the sum of $160 by a warrant drawn on said city, duly allowed by the common council, which payment was so made on December 22, 1911. (8) That during the month of December, 1911, said Ora Myers, the relator herein, performed all of his duties as mayor of said city of Greenfield, Indiana, and on January 3, 1912, said city was indebted to said Myers for his services as such mayor during the month of December, 1911, in the sum of $62.50, which sum on January 3, 1912, was duly allowed to said Myers by the common council of said city. (9) That on January 4, 1912, an order or warrant duly signed by the mayor of said city and the clerk of said city, Oscar O. Beaver, was issued and delivered to said relator, Ora Myers, directed to appellant, David Ellis, treasurer of the city of Greenfield, which order or warrant was by the relator herein, on February 19, 1912, presented to David Ellis, the then treasurer, who refused to pay said warrant or endorse the same as payable at any bank which was a depository for the said city of Greenfield and did not endorse upon said warrant "Not paid for want of funds". (10) The said order or warrant was drawn upon and payable out of the corporation fund of said city, in which fund there were on January 5, 1912, and are now funds and moneys liable and applicable by law to the payment of said order

or warrant and sufficient in amount to satisfy and pay the same in full. (11) That the city of Greenfield paid to the relator, Ora Myers, for all of the time that he was mayor during the time that he was absent from the city in the state of Michigan for all of his salary up to the time of the refusal of said warrant. (12) That during the month of January, 1912, said Ora Myers, the relator herein, performed all of his duties as mayor of said city and on February 7, 1912, the city of Greenfield was indebted to said Myers for his services as mayor during the month of January, 1912, in the sum of $62.50, which sum on February 7, was duly allowed to said mayor by the common council of said city. (13) That on February 8, 1912, an order or warrant, duly signed by the mayor of said city, Ora Myers, and the clerk of said city, Oscar O. Beaver, was issued and delivered to said relator, Ora Myers, directed to appellant, which order or warrant was in the sum of $62.50. (14) That on the — day of February, 1912, before bringing this action, the relator presented said warrant to appellant and appellant failed and refused to pay the same as said treasurer, and failed and refused to endorse the same as payable at any bank which was a depository for the funds of said city and did not endorse the same "Not paid for want of funds". (15) That said order or warrant was drawn upon *and payable* out of the corporation fund of said city in which fund there are now and were on said — day of February, moneys and funds liable and applicable by law to the payment of said order or warrant and sufficient in amount to satisfy and pay the same, and sufficient to pay any and all claims then against said corporation fund in full. (16) That during the absence of said relator from the city of Greenfield, and while William A. Hughes was acting as city judge, he, Hughes, received from the city of Greenfield, the sum of $160 for his said services. That said Hughes gave no bond for the performance of his duties as city judge.

Upon these facts the court states its conclusions of law as follows: "Upon the foregoing facts the court finds and concludes that the law is with the relator and that the defendant be ordered to endorse said warrants making them payable to the relator herein for the salary unpaid upon which this suit is predicated." The judgment follows in conformity with the conclusion of law. Appellant contends that in cases of this character appellee had a remedy at law by suit upon the warrants, and that having obtained a judgment, he might then compel payment by execution or mandate.

Appellee contends that when a claim is allowed by the city council and a warrant has been duly issued by the city, signed by the mayor and city clerk, in due and legal

1. form, that the treasurer of said city has only a ministerial duty to perform and must pay said warrant, or on failure to do so mandate will lie to compel payment. It has been held that an action for mandate is a proper remedy to compel officers to pay money to persons entitled thereto where the amount is fixed by a competent tribunal. *Johnson* v. *Smith* (1878), 64 Ind. 275; *State* v. *Cooprider* (1884), 96 Ind. 279; *Rice* v. *State* (1884), 95 Ind. 33; *Ingerman* v. *State* (1891), 128 Ind. 225, 27 N. E. 499; *Manor* v. *State* (1898), 149 Ind. 310, 49 N. E. 160; *Pfau* v. *State* (1897), 148 Ind. 539, 47 N. E. 927; *Wood* v. *State* (1900), 155 Ind. 1, 55 N. E. 959; *State* v. *Spinney* (1906), 166 Ind. 282, 76 N. E. 971. Payment by a city treasurer of a warrant signed by the mayor and city clerk after allowance by the common council of such city is a purely ministerial act, and may be compelled by mandamus. High, Extra. Legal Rem. §§112, 113.

The statute of this State makes it the imperative duty of the treasurer of a city to pay such orders and reads as follows: "The city treasurer shall pay all orders issued by the city of which he is such treasurer, when presented, prop-

erly indorsed, if there be money in the treasury appropriated for that purpose sufficient to pay the same.'' §8836 Burns 1914, Acts 1905 p. 219, §211.

It is contended by appellant that as the mayor was absent from his office that he is not entitled to pay for the time he is so absent from his office and the State.

2.   Even if his contention could be upheld, the warrants were not drawn for salary for the months appellee was absent and hence appellant is not in a position to refuse payment by reason of that fact.

The remedy sought in this case was the proper one and the judgment is affirmed.

NOTE.—Reported in 109 N. E. 910. As to mandamus against public officers, see 98 Am. St. 863. On mandamus to compel payment of municipal debt by custodian of funds, see 14 L. R. A. 773. See, also, under (1) 26 Cyc. 317; 28 Cyc. 1573, 1754; (2) 26 Cyc. 266, 318.