## STATE OF INDIANA, EX·REL. HULSKAMP
## v. McCORMACK.

[No. 23,160. Filed November 2, 1916.]

1. APPEAL.—*Constitutional Questions.—Determination of Cause on Merits.*—The Supreme Court on appeal will not determine constitutional questions where the cause may be decided without doing so. p. 303.

2. MANDAMUS.—*Award to Enforce Legal Right.*—The extraordinary remedy of mandamus is not awarded except to secure or enforce a clear legal right. p. 303.

3. ELECTIONS.—*Legislative Districts.—Apportionment of Electors.—Statute.*—Under §3 of the legislative apportionment act of 1915 (Acts 1915 p. 656), providing that the boards of commissioners of certain counties should divide them into legislative districts, each to have as nearly as possible an equal number of electors, and that for the purpose of determining the number of electors, the boards should cause an enumeration of electors in their counties or they might use the enumeration made by the township trustees if the same should be adequate, an enumeration of electors of a county from the registration of electors previously had was not a compliance with the statute and was void, since where a statute prescribes the mode of exercising a power, that mode must be followed. p. 304.

From Marion Superior Court (102,191); *Clarence E. Weir*, Special Judge.

Action by the State of Indiana, on the relation of Calley B. Hulskamp, against Charles K. McCormack and others. From a judgment for defendants, the relator appeals. *Affirmed.*

*W. Masson*, for appellant.

*Charles K. McCormack, Robert C. Brenneman, Edwin Steers* and *Jackson L. Lance*, for appellees.

Cox, C. J.—This appeal presents a later phase of the contentions raised in Marion county by the legislative apportionment act of 1915 (Acts 1915 p. 656, §3), which contentions were first presented to this court in *Board, etc.* v. *Jewett* (1915), 184 Ind. 63, 110 N. E. 553.

The transcript in this appeal shows a mass of somewhat confused proceedings in the lower court involving the validity and the construction of §3 of the act of 1915, *supra*, and the regularity and validity of the acts of the board of commissioners in attempting to act under the statute. But the case as it comes to us rests on a complaint by appellant relator based on the theory that the section in question is constitutional and valid, and that the board of commissioners regularly acted according to its provisions, and divided Marion county into ten representative districts, the number apportioned to it. The action was one for mandamus to compel the placing of names of candidates for representatives in the General Assembly from Marion county on the ballots and voting machines to be voted for by districts in accordance with the alleged apportionment by the board.

Appellees demurred to this complaint on the ground that it did not state facts sufficient to state a cause of action. The memorandum made a part of the demurrer asserted numerous constitutional objections to §3, *supra*, and numerous irregularities in the proceedings of the board itself in making the apportionment of the county into districts and entering it of record. The demurrer was sustained, and that ruling is assigned as error.

We are not obliged to pass on the constitutional questions raised and discussed, for the case may be decided without doing so. The rule is settled

1. in such cases that this court will not decide constitutional questions. *In re Mertes Estate* (1914), 181 Ind. 478, 104 N. E. 753, and cases

2. there cited.

The fact that the complaint involves the extraordinary remedy of mandamus and that this remedy is not awarded except to secure or enforce a clear legal right must not be lost sight of.

It appears from the averments of relator's complaint that, in making the division of Marion county into ten representative districts, the board of commissioners "enumerated the electors of said county from the records of the registration of electors of said county had in October, 1914." Even if §3, *supra*, should be deemed in all respects a valid enactment and one under which the purpose of dividing the county into districts could be carried out, this averment shows that the board did not make the division of the county in accordance with the authority intended to be bestowed by the section, and their order promulgating the apportionment of the ten representatives of the county is therefore void; for §3, *supra*, provides the basis upon which alone the board is authorized to act. It requires that the board shall divide the county into districts which shall give "to each district as nearly as may be, an equal number of electors." It provides two ways only for ascertaining the whole number of electors which is to be divided into ten districts of equal number of electors each in the following words: "For the purpose of determining the number of electors, the board shall cause an enumeration of electors in their counties, or they may use the enumeration made by the township trustees if the same shall be adequate to determine the number of electors of each district."

The method last named was not used, nor, manifestly, was the first. Merely taking the registration lists of the last preceding general election can not be deemed an enumeration of all of the potential electors who have a right under our system to be represented in the general assembly. It might be that not nearly all of the electors of Marion county were registered in 1914; again it might be that in

one part of the county there was a fairly full registration and in another part a registration far short of the electorate.. Taking the registration list for an enumeration was not what the legislature said, and clearly it was not what was intended. To do so might bring the inequality of representation when not only §3, *supra*, of the act in question, but the constitution itself requires equality as near as may be. The board could only divide the county by taking an enumeration or using one made as provided. The duty to use one of the two enumerations designated was mandatory. The section gives no discretion to base the division on any other method of ascertaining the electors than those provided. The high dignity of the power attempted to be delegated was not intended to be the prey of an unlimited discretion of an inferior governmental board. The rule applies that, where the means by which a power granted shall be exercised are specified, no other or different means for the exercise of such power can be implied. And where a statute prescribes the mode of exercising a power, the mode prescribed must be followed. *Ellingham* v. *Dye* (1912), 178 Ind. 336, 374, 99 N. E. 1, Ann. Cas. 1915C 200; *Platter* v. *Board* (1885), 103 Ind. 360, 2 N. E. 544. Judgment affirmed.

NOTE.—Reported in 113 N. E. 1001. See under (2) 98 Am. St. 865; 26 Cyc 151.