STATE, EX REL. VANHOY, TREASURER, ETC., *v.* ABLE, CITY TREASURER.

[No. 25,286.   Filed December 9, 1931.]

*Alvin Padgett, Arthur Rogers, Fabius A. Gwin, Carlos T. McCarty* and *Joseph P. Smith,* for appellant. *Frank E. Gilkison,* for appellee.

MYERS, J.—This was an action by the State on relation of the treasurer of the board of school trustees of the school city of Loogootee, Indiana, against the city treasurer of Loogootee to compel the latter to pay a warrant drawn on the unappropriated general funds of the city for $12,000, payable to the school city pursuant to an ordinance passed by the common council of the city and approved by the mayor thereof appropriating that sum for the use of the board of school trustees in establishing, equipping and maintaining a public recreation center. Trial by the court, finding and judgment in favor of the defendant, appellee, and against plaintiff, appellant, for costs. On appeal to this court, appellant has assigned as error the overruling of his motion for a new trial, wherein he claims the finding

of the court was not sustained by sufficient evidence and was contrary to law.

For the purposes of this opinion, we need only to call attention to the evidence showing the passage of the ordinance as above stated, which ordinance was introduced in evidence, and that it contained a provision appropriating $12,000 out of the unappropriated general funds of the city in favor of the board of school trustees of the school city for the purposes authorized by the ordinance; that, upon the order of the common council, the city clerk issued the city's warrant, signed by himself and the mayor, which was properly indorsed and presented to the treasurer of the city for payment. Payment was refused, likewise a refusal to indorse the warrant as payable at any bank which was a depository of the city's funds, although there was in the general funds of the city unappropriated for any other purpose money sufficient to pay the warrant.

Appellant insists that, under this evidence, the warrant being in all things regular, the city treasurer had no discretion in the matter; that he had only a ministerial duty to perform and his refusal so to do was grounds for a mandamus proceeding. He cites *Ellis* v. *State, ex rel.* (1915), 183 Ind. 641, 109 N. E. 910.

Appellee here claims, as he did by an affirmative answer below, that §3 of the ordinance purporting to appropriate from the present general funds of the city an amount of money sufficient to meet the expenses of establishing, equipping and maintaining playgrounds, was invalid and the warrant of the city issued for that purpose was void, for the reason, in effect, that the statute under which the common council assumed to act in making the appropriation provides a different method for creating funds for that purpose, and it must be followed. Thus, it appears that this controversy in-

volves alone the validity of §3 of a certain ordinance hereafter to be noticed.

Loogootee is a city of the fifth class, and her common council passed an ordinance, supposedly in compliance with §§1, 2 and 6 of ch. 172, Acts 1925 p. 421, §§10702, 10703, 10707 Burns 1926. By §1, *supra,* the Loogootee common council was authorized to provide by ordinance for the establishment, equipment and maintenance of public playgrounds and recreation centers in that city, and to acquire real estate for that purpose in the manner provided by statute to be designated in the ordinance. Furthermore, by §2, *supra,* the common council was given authority to "vest the power to establish, maintain and equip playgrounds and recreation centers in the board of school trustees." Section 6, *supra,* provides the method of raising funds to meet the expense incurred in carrying out affirmative action authorized by §§1 and 2.

The ordinance follows: "An ordinance to provide for the establishment, equipment and maintenance of a Public Recreation Center in the City of Loogootee, Indiana; Providing for a Board of Control for the same; and appropriating funds therefor.

"Section One. Be it ordained by the Common Council of the City of Loogootee, Indiana, that there be established, equipped and maintained in said City of Loogootee a Public Recreation Center for said City.

"Section Two. Be it further ordained that the power to so establish, equip, and maintain said Public Recreation Center be and the same is hereby vested in the Board of School Trustees of the school, City of Loogootee, Indiana, and their successors in office, and that said Board of School Trustees be and the School Trustees be and the same are hereby vested with all the power, rights, authority and duties which are given them by

the laws of the State of Indiana as such Recreation Board.

"Section Three. Be it further ordained that there be and hereby is appropriated the sum of $12,000.00 from the funds of said City, not otherwise appropriated, for the use of said Board of School Trustees to be expended in establishing, maintaining and equipping said public recreation center, and that the Clerk of said City of Loogootee be, and he is hereby, authorized, ordered and directed to draw a warrant on said city for said sum of $12,000, and that said warrant shall be paid by the Treasurer of the said City of Loogootee, immediately upon presentation of the same to him properly endorsed.

"Section Four. This ordinance shall be in force from and after its passage."

As we see this case, our attention need be drawn only to §3 of the ordinance, and §6 of the statute. This section of the statute provides that: "All expenses necessarily incurred in carrying out the provisions of this act shall be paid by such civil cities or towns. The common council of any such city of the . . . fifth class . . . which may have provided for the establishment, equipment and maintenance of playgrounds under the provisions of this act, shall annually, beginning in the year of the adoption of the ordinance hereunder or as soon as possible thereafter levy a tax in the sum of not less than one cent nor more than two cents on each one hundred dollars of taxable property within such city or town, to create a fund to be known as the 'recreation fund,' to be expended by the board having control of playgrounds and recreation centers in such city or town, in carrying out the provisions of this act. Such funds shall under no circumstances be used for any purpose other than the purposes designated in this act, and shall be subject to the warrant of the proper city or town official without any further appropriation."

First noticing appellant's contention and the case of *Ellis* v. *State, ex rel., supra,* it is true this court held that the city treasurer, in paying "money to persons entitled thereto where the amount is fixed by a competent tribunal," performs a ministerial duty, and, therefore, the payment of a "warrant signed by the mayor and city clerk after allowance by the common council" may be compelled by a writ of mandamus. The law thus announced was applicable to the facts in that case. It was shown that the holder of the warrant had a clear legal right to have it paid; that the city had funds not otherwise appropriated sufficient to pay it.

In the present case, it appears that the warrant on its face was legal; that it was in the hands of one apparently authorized to demand payment, and that the city had unappropriated funds sufficient to pay the same. These facts merely established its *prima facie* validity, but it also appears that the warrant was drawn pursuant to an ordinance of which appellee had notice and in his judgment invalid. The clear legal right of the relator to have the warrant paid depended upon the validity of the ordinance. If the ordinance was invalid, the warrant was drawn without authority of law, and mandamus would not lie to coerce the city treasurer to pay it. *State, ex rel.,* v. *DeBaun, Judge* (1926), 198 Ind. 661, 673, 154 N. E. 492; *State, ex rel.,* v. *Foland, Auditor* (1921), 191 Ind. 342, 132 N. E. 674; *State, ex rel.,* v. *City of Indianapolis* (1919), 188 Ind. 685, 691, 123 N. E. 405. In *Wood, Treas.,* v. *State, ex rel.* (1900), 155 Ind. 1, 11, 55 N. E. 959, it is said: ' "An order, legal on its face, is an absolute protection to the treasurer when paid even though invalid, if when he paid it he had no notice or knowledge of its invalidity. *Graham* v. *State, ex rel.,* 66 Ind. 386, 391, 392." ' In the case quoted, at p. 392, it is said:

"The treasurer might, to be sure, if he had knowledge that an order was drawn without any allowance, certificate, or authority of law, refuse payment; and payment could not be coerced, because the order would have no validity."

At this point, it should be observed that this is not a case where the performance demanded is but a step toward the final result, but, on the contrary, it is a command to perform the act which, if done, is a finality. Under such circumstances, whether relator is entitled to compel by mandamus all that he seeks may be inquired into by the officer or person to whom the writ is directed. 38 C. J. 582, §56. We, therefore, hold that appellee, by an affirmative answer to appellant's complaint, rightfully challenged the legal right of appellant to have the warrant paid.

Cities and towns of this state are incorporated entities. As said in *Central Union Tel. Co.* v. *Indianapolis Tel. Co.* (1920), 189 Ind. 210, 221, 126 N. E. 628: "They possess only such powers as are granted by the legislature in express words, and those necessarily implied or incidental to those expressly granted, and those indispensable to the declared objects and purposes of the corporation and to its continued existence." See, also, *City of South Bend* v. *Chicago, etc., R. Co.* (1913), 179 Ind. 455, 101 N. E. 628, Ann. Cas. 1915D 966. In other words, in giving effect to powers expressly granted, where the manner of their exercise is not prescribed, a reasonable discretion will be allowed in adapting means to the end, but in case the means to the end are restricted to a definite course of procedure, such procedure must be followed. *State, ex rel.,* v. *McCormack* (1916), 185 Ind. 302, 305, 113 N. E. 1001.

The contentions of appellant would have us hold that §6, *supra,* does not apply to create a recreation fund

until after playgrounds have been established from funds otherwise provided. As we are at present advised, ch. 172, *supra,* was intended to meet a particular purpose and to furnish a complete course of procedure not only for the establishment but the maintenance of playgrounds and recreation centers. If so, then §6 is the authority for raising funds to meet the object intended, for, by express language, the Legislature has authorized the city to levy a tax to create a fund to be expended in "carrying out the provisions of this act," which not only includes maintenance but the establishment of playgrounds as well. We, therefore, hold that the common council had no discretionary power to use any funds of the city for the purposes mentioned other than that collected in the manner fixed by the Legislature. Section 3 of the ordinance is invalid.

Judgment affirmed.