STATE EX REL. THURSTON *v.* SCHOOL CITY OF ANDERSON ET AL.

[No. 29,388. Filed May 28, 1957.]

*Busby, Davisson, Cooper & Farr,* of Anderson, for appellant.

*Jack Campbell* and *C. D. Rotruck,* both of Anderson, for appellees.

EMMERT, J.—This is an appeal from a judgment entered on a finding for appellees in an action to mandate the School City of Anderson and its Board of Trustees to restore and reinstate the teacher's "indefinite contract" of relatrix. Appellant assigns error in overruling the motion for new trial, which charged the decision was contrary to law.

Relatrix had taught for the school city since the school year 1928-1929 and until the school year 1952-1953, and by reason thereof had a vested indefinite teacher's contract under §28-4307, Burns' 1948 Replacement, which could only be terminated pursuant to statute.

On May 5, 1953, the Board of Trustees held a meeting and adopted a resolution to hold a meeting on June 9, 1953, at 4:00 o'clock p.m.[1] at the office of the Superintendent of Schools to consider the termination of the indefinite contract of relatrix pursuant to §28-4308, Burns' 1948 Replacement. Notice of this was given to relatrix, who demanded specific charges, and a hearing, which was held June 2, 1953, at 6:30 P.M., at the office of the Superintendent.

Appellant makes no complaint as to the causes assigned for termination of her contract, or the hearing. Her complaint on appeal is that the provisions of §28-4308, Burns' 1948 Replacement, were not followed as to consideration of the cancellation and termination of her contract.

This section, among other provisions, requires notice in writing of the "exact date, time when and place

---

1. All times herein mentioned were daylight savings time.

where" the consideration of the termination of the indefinite contract shall take place.[2]

We deem the evidence undisputed that the relatrix appeared with her counsel at the office of the superintendent on June 9, 1953, at least 10 minutes before 4:00 o'clock P.M., and remained there until 5:40 o'clock P.M. There were five members of the Board of Trustees of the School City of Anderson. One trustee arrived at 4:00 P.M., another arrived between 4:15 and 4:30 P.M., another arrived at between 4:00 and 4:30 P.M., another arrived between 4:00 and 4:15 P.M. The last member arrived at about 5:20 P.M. Relatrix and her counsel remained there until 5:40 P.M., and during all of this time the board did not convene, or go into session, or notify relatrix of any postponement. At 5:40 P.M. relatrix and her counsel left the building, and at 5:45 P.M. the board convened and adopted a resolution terminating her contract. It is significant to note that the record of the meeting of June 9th did not state when the meeting convened as did other records of meetings of the board, although the record did show the board terminated the contract at 5:45 o'clock P.M.

2. "Any indefinite contract with a permanent teacher as defined in section one [§28-4307] of this act may be canceled only in the following manner: Not less than thirty [30] days nor more than forty [40] days before the consideration by any such school corporation of the cancelation of any such contract, such teacher shall be notified in writing of the exact date, time when and place where such consideration is to take place; . . . No such contract shall be canceled until the date set for consideration of the cancelation of such contract; nor until after a hearing is held, if such hearing is requested by said teacher; nor until, in the case of teachers, supervisors, and principals, the city or town superintendent shall have given the school corporation his recommendations thereon, and it shall be the duty of such superintendent to present such recommendations upon five [5] days' written notice to him by such school corporation. . . . The school board of any such school corporation, by a majority vote, evidenced by a signed statement in the minutes of the board, may cancel an indefinite contract with a teacher after compliance with the provisions of this section; . . . ." Section 28-4308, Burns' 1948 Replacement.

Section 28-2402, Burns' 1948 Replacement, makes the school city a "distinct municipal corporation for school purposes." The trustees constitute a statutory board, and like other statutory boards, "unless a grant of power and authority can be found in the statute it must be concluded that there is none." *Chicago & E. I. R. Co.* v. *Public Service Comm.* (1943), 221 Ind. 592, 594, 49 N. E. 2d 341. The board must act in meeting assembled. 4 McQuillin, Municipal Corporations, §13.07, p. 449. Ibid Vol. 16, §46.07 p. 585. *Terre Haute Gas Corp.* v. *Johnson* (1943), 221 Ind. 499, 511, 45 N. E. 2d 484, 48 N. E. 2d 455. "Doubtful claims to power are resolved against the corporation. *Pittsburgh, etc., R. Co.* v. *Town of Crown Point* (1896), 146 Ind. 421, 45 N. E. 587, 35 L. R. A. 684; *Pittsburgh, etc., R. Co.* v. *City of Anderson* (1911), 176 Ind. 16, 95 N. E. 363; *City of South Bend* v. *Chicago, etc., R. Co.* (1913), 179 Ind. 455, 101 N. E. 628; *Dunn* v. *City of Indianapolis* (1935), 208 Ind. 630, 196 N. E. 528." *Local 26, Natl. Bro. of Op. Potters* v. *City of Kokomo* (1937), 211 Ind. 72, 79, 80, 5 N. E. 2d 624, 108 A. L. R. 1111.

"Cities and towns in Indiana are incorporated entities, possessing only such powers as are granted by the legislature in express words, and those necessarily implied or incidental to those expressly granted, and those indispensable to the declared objects and purposes of the corporation and to its continued existence. When the manner in which granted powers may be exercised are by statute restricted to a definite course of procedure such procedure must be followed. *State ex rel.* v. *McCormack* (1916), 185 Ind. 302, 305, 113 N. E. 1001; *State ex rel Van-Hoy, Treas. etc.* v. *Able, Treas.* (1931), 203 Ind. 44, 50, 178 N. E. 683. See also *Drinkwatter* v. *Eikenberry* (1946), 224 Ind. 84, 64 N. E. 2d 399, and authorities there cited."

*Schisler* v. *Merchants Trust Co.* (1950), 228 Ind. 594, 604, 94 N. E. 2d 665.

In construing the statute concerning a teacher's indefinite contract and its termination, it is to be construed in favor of the teacher and against any forfeiture of vested rights. *State ex rel. Clark* v. *Stout, Trustee* (1933), 206 Ind. 58, 64, 187 N. E. 267; *School City of Brazil* v. *Rupp* (1937), 104 Ind. App. 287, 293, 10 N. E. 2d 924.

The General Assembly by §28-4308, Burns' 1948 Replacement, carefully required written notice to the teacher of the *"exact"* date, time and place when the termination would be considered. This necessarily implies the right to the teacher to be present with counsel when the board in meeting assembled would discuss, deliberate and act in meeting assembled as to whether or not the contract should be terminated by legal action of the board.

A quorum was present by at least 4:30 P.M. From this time the matter could have been considered, and a majority vote of the board could have ended the contract. No reason was given for the delay, no meeting was assembled, and no action taken to continue the matter for a short time. Under the facts in this case we fail to find there was any substantial compliance with the statute on the last step to be taken to terminate the contract. The action of the board taken 5 minutes after relatrix and her counsel had departed made the action of the board illegal and ultra vires the powers of the board.

It was the duty of the board of trustees to convene when a quorum was present, and at the place specified in the statutory notice. Had that been done, even though no further action by the board was undertaken, it would have been the duty of the relatrix or her counsel to ascertain from the board the cause for the delay and

to demand that the board proceed with the consideration of the termination of the contract within a reasonable time before relatrix would have been warranted in leaving the place for the consideration.

By this holding we decide nothing adverse to the right of the school city to institute a new proceeding to terminate the teacher's contract for the same causes in issue at the hearing. The school city still has the right to proceed again by following the clear provisions of §28-4308, Burns' 1948 Replacement. Nor do we decide anything as to the teacher's right to recover her salary. She is not a public officer but an employee. *Kostanzer* v. *State ex rel. Ramsey* (1933), 205 Ind. 536, 187 N. E. 337. Any recovery of compensation for the breach of her contract cannot be had in an action in mandamus. *State ex rel. Shanks* v. *Common Council of City of Washington* (1937), 212 Ind. 38, 43, 7 N. E. 2d 968.

Judgment reversed, and new trial ordered.

Arterburn, C. J., Landis and Bobbitt, JJ., concur.

Achor, J., not participating.

NOTE.—Reported in 142 N. E. 2d 914.