MANDLOVE and Another *v.* LEWIS and Others.

*A.* and *B.*, severally, recovered judgments against *C.* at the same time. Simultaneous executions were levied, and *C.* executed a delivery-bond payable to the execution-plaintiffs jointly.   The bond was forfeited, and suit brought upon it by both execution-plaintiffs.   Demurrer to the complaint, assigning for cause that it did not state facts sufficient, &c., overruled. This ruling was assigned for error, and the appellant contended that the interests being several, though secured by a joint bond, action must be brought by each party to recover his separate interest.

*Held*, 1. That the appellant could not raise that question, upon the cause of demurrer assigned.   He should have assigned the sixth statutory cause.

2. But the complaint would still have been good on demurrer: both the execution-plaintiffs were not only proper but necessary parties, and they were properly joined.

Where the defendant answers, the Court may grant any relief consistent with the case made by the complaint.

APPEAL from the *Decatur* Court of Common Pleas.

GOOKINS, J.—*Levin B. Lewis* and *Kendall M. Lewis* obtained a judgment against *James Mandlove*, in the *Decatur*

Common Pleas; and *George* and *John Tait* likewise recovered a judgment against him at the same time. Executions on these two judgments came simultaneously to the hands of the sheriff, which were levied upon personal property of the defendant, who executed a delivery-bond, with *Fugit* as his surety. On the appointed day, *Mandlove* refused to deliver the property, and the sheriff, with his executions, returned the bond forfeited. The bond was joint, being payable to the plaintiffs in both executions.

This action was brought on that bond by the plaintiffs in both executions. The whole proceedings were set forth in the complaint, and a copy of the bond was annexed. The defendants demurred, assigning for cause that the complaint did not contain facts sufficient to constitute a cause of action. The demurrer was overruled. Answer; trial by the Court; finding and judgment for the plaintiffs.

The overruling of the demurrer is now assigned for error; and it is contended that where the interests are several, though secured by a joint obligation, the action must be brought by each party to recover his separate interest. We think the appellant is not in a position to raise that question here. The 2 R. S. p. 38, s. 50, sets forth six causes of demurrer, one of which—the sixth—would have been precisely adapted to the case, but which was not assigned. It is, "that several causes of action have been improperly united." In *Lane* v. *The State*, 7 Ind. R. 426, we held that the provisions of the statute in regard to demurring must be followed.

We think also that the complaint, if properly objected to, would have been good. The 2 R. S. p. 30, s. 17, provides that all persons having an interest in the subject of the action, shall be joined as plaintiffs. Here, the subject of the action was, immediately, the breach of the bond, and, collaterally, the property levied on. It is plain that all the plaintiffs had an interest in both.

It is objected that no joint judgment could be rendered because the interests were several, and no several judgments, because the complaint and relief prayed were joint. We see no difficulty in this part of the case. It is the

May Term,
1857.

THE STATE
v.
MELOGUE.

same, in effect, as the foreclosure of a mortgage given by a debtor jointly to two or more creditors. It is said that they are both not only proper, but necessary parties, to a bill to foreclose; and that they are properly joined as plaintiffs. Story's Eq. Pl. s. 201. There was in this case a finding of the amount due to the plaintiffs in each execution, and judgment accordingly. There is nothing in the objection that several judgments were not prayed. Where the defendant answers, the Court may grant any relief consistent with the case made by the complaint. 2 R. S. p. 123, s. 380.

*Per Curiam.*—The judgment is affirmed with 5 per cent. damages and costs.

*J. Gavin* and *J. R. Coverdill*, for the appellants.
*J. S. Scobey* and *W. Cumback*, for the appellees.