No. 7525.

STOCKTON *v.* LOCKWOOD.

SUPREME COURT.—*Brief.*—*Waiver.*—All questions raised by a motion for a new trial, but not discussed by the appellant in his brief, are regarded as waived.

ACTION TO QUIET TITLE.—*Injunction.*—*New Trial.*—*Evidence.*—In an action to quiet title and to obtain an injunction to restrain the defendant from injuring the property, the defendant is not entitled to a new trial merely because there was no evidence of the threatened injury.

SAME.—*Complaint.*—*Practice.*—Where the complaint states facts which entitle the plaintiff to a judgment quieting his title, the suit may be regarded as an action to quiet title, and if the complaint is answered, such relief may be granted, though the complaint contains no such prayer.

From the Carroll Circuit Court.

*L. B. Sims, R. P. Davidson, J. C. Davidson* and *D. P. Baldwin,* for appellant.

*J. A. Wilstach* and *J. W. Wilstach,* for appellee.

BEST, C.—The appellee brought this suit against the appellant, alleging in her complaint substantially the following facts, viz.: That she is the owner in fee simple of the south half of a certain quarter section of land therein described; that, on the north line of said land, there is a fence of the value of $160; that she has been the owner and in the actual possession of said land, including the portion upon which said fence stands, under claim of title, for more than twenty-five years; that there is situated upon said land, near the north line of the same, and has been for more than twenty-one years, a one-story frame house of the value of $500; that said land is enclosed, used for pasture, and is of the annual rental value of $100; that defendant owns the north half of said quarter section, and, in November, 1873, pretended to claim the land on which said fence and house stand, falsely pretending that the north line of the south half of said quarter is just south of the middle of said house; but that said claim is unfounded, and in conflict with the title and with the actual, continued, peaceable and adverse possession which the appellee has had for more than twenty years before such pretended claim was made. It was further averred that said dwelling-house was in the actual possession of the appellee, and that appellant, on the 17th day of March, 1874, without right, entered into said house, removed one outer door, one inner door, and three windows, thus rendering the house wholly untenantable, and preventing the appellee or her tenants from occupying it. The complaint then proceeds thus: "The plaintiff further says that said defendant threatens to and is about

to remove said fence and thus open the said lands of the plaintiff, and expose the same to cattle and other stock, and ruin and destroy said pasture and prevent the plaintiff from using the same for pasture or other purposes.   The plaintiff further says that she intends immediately to repair said house, but said defendant threatens to and will, unless enjoined by the court, continue to dismantle said house and render and keep it in an untenantable condition, and will, unless enjoined by this court, remove said fence and expose her said lands to the ravages of stock, and will do her irreparable injury.   The plaintiff further shows that this is a case of emergency, and that, if notice is given the defendant, he will, before an injunction can be obtained, further injure said dwelling-house, and will remove said fence.

"The plaintiff prays that the defendant may be enjoined and restrained from injuring or interfering with, molesting or disturbing said dwelling-house, or removing or interfering with said fence; and that a judgment may be rendered for $500 damages in her favor and against the defendant for the injuries already done, and for all other proper relief."

This complaint was verified and filed on the 19th of March, 1874.   An undertaking was filed and a restraining order issued, with notice that an application for an injunction would be made on the 1st of April, 1874.   At that time, upon proof of notice and the failure of the defendant to appear, an injunction issued, and was to continue till the final hearing. Afterward the defendant appeared, and filed an answer of five paragraphs.   The first was a general denial, and the others were special.

The second averred that within twenty years after the plaintiff took possession of the premises in dispute, the boundary line between their respective lands was established according to law, south of the said dwelling-house, and that said house and the fence were on the land of the defendant; that the doors and windows of said house had been restored without

Stockton *v.* Lockwood.

injury, and that the defendant had not threatened, nor did he intend to injure said house or fence.

The third averred that said house and fence were upon the north half of said quarter section, and that the plaintiff, before she had occupied said premises twenty years, had abandoned the possession of them.

The fourth and fifth averred that the plaintiff did not take possession of said premises in good faith, nor did she occupy them under color of title, continuously for twenty years.

A reply in denial was filed. The issues thus formed were submitted to a jury for trial, and a general verdict returned for the appellee, assessing her damages at one dollar.

Upon this verdict, over the motion of appellant for a new trial, the court rendered a judgment, perpetually enjoining appellant from injuring, molesting or disturbing the dwelling-house, or from removing or interfering with the fence upon the land in dispute, for the damages assessed, and for all costs.

From this judgment the appellant appeals, and assigns as error the order of the court in overruling his motion for a new trial.

Various causes were embraced in the motion for a new trial, but, as none of them are discussed in appellant's brief except that the evidence was not sufficient to support the verdict, the others will not be noticed. It is stated in the brief filed, that the causes for a new trial, based upon giving and refusing to give instructions, are not waived, and that a brief will be filed discussing these alleged errors, but as this brief was filed on the 26th day of July, 1879, and none has since been filed, these causes must be regarded as waived.

The uncontradicted evidence in this case shows that the appellant claimed the strip of land in dispute; that he entered upon it, and removed from the house thereon two doors and three windows, with a view of preventing appellee's tenants from occupying the house; and that within a week thereafter

he restored the doors and windows, without doing any other injury to the property. There was no evidence that the appellant threatened to injure the property or remove any part of it.

The appellant insists that this was an action to obtain an injunction to prohibit a threatened injury to property, and as there was no proof whatever of such threatened injury, his motion for a new trial should have been sustained.

This position would be unanswerable if the complaint stated no facts which entitled the appellee to any other relief. It was not, however, thus limited, but averred such facts as entitled the appellee to a judgment quieting her title to the land in dispute. The complaint averred that the appellee was the owner in fee simple and had been in possession for more than twenty years; that appellant a short time before the suit was commenced had asserted an unfounded claim to the land, and in the assertion of such claim, on the 17th of March, 1874, had entered upon the same and carried away the doors and windows of the house thereon. These averments are sufficient to show that appellant's claim is adverse to the appellee's.

In *Dumont* v. *Dufore*, 27 Ind. 263, the court said: "It is said in argument that the complaint is bad, because there is no averment that the defendant's claim of title is adverse to the plaintiff. This point is not much pressed, and we do not perceive that there is anything in it. The complaint alleges that the plaintiff is seized in fee simple, and is in possession of the real estate, and that the defendant asserts an unfounded claim of title, and interest in the same property. A title in fee simple means a title to the whole of the thing absolutely, and it seems to us that any claim of title to the same thing by another is necessarily adverse to him who owns the whole fee, in the sense of the statute."

The complaint not only averred that the appellee was the owner in fee simple and in possession, but averred such facts

as showed that the appellant's claim was adverse to the appellee's, and was sufficient to authorize such relief. This relief was not demanded, but as the purpose of the suit was to determine the title to this strip of land, and as the complaint was answered, the appellee was entitled to any relief consistent with the case made by the complaint and embraced within the issue. *Hunter* v. *McCoy,* 14 Ind. 528; *Mandlove* v. *Lewis,* 9 Ind. 194.

Having reached the conclusion that the complaint averred facts which entitled the appellee, upon proof of them, to a judgment quieting her title, the suit may be regarded as an action to quiet title, and, thus regarded, the evidence fully supported the verdict. The court did not err in overruling the motion for a new trial, and the judgment should be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be and it is hereby in all things affirmed, at the appellant's costs.

Opinion filed at November term, 1881.
Petition for a rehearing overruled at May term, 1882.