Morgan Civil Township *v.* Hunt.

No. 12,542.

## MORGAN CIVIL TOWNSHIP *v.* HUNT.

DRAINAGE.—*Remonstrance.* — *Verification.* — *Amendment.* — *Practice.* — A remonstrance filed, but not verified as required by statute, within the time allowed for remonstrating, can not be amended as to the verification after the lapse of such time, but will be stricken out.

SAME.—*Appeal.—Notice to all Persons Assessed not Necessary.*—It is not necessary on appeal to the Supreme Court, by one affected by a drainage proceeding, to notify all the persons against whom benefits were assessed of such appeal.

From the Porter Circuit Court.

*A. D. Bartholomew* and *E. D. Crumpacker,* for appellant.
*W. E. Pinney,* for appellee.

MITCHELL, J.—On the 10th day of April, 1884, Franklin W. Hunt filed his petition in the circuit court of Porter county praying for the establishment of a ditch. It was averred in the petition that, among other benefits, the ditch when constructed would be of great public utility in draining three public highways in Morgan township.

The petition was, after due notice, referred to the commissioners of drainage. From the report of the commissioners, to whom the matter was referred, it appeared that two highways, which are not particularly described, would each be benefited to the amount of eighty dollars.

Within ten days after the filing of this report, what purports to be a remonstrance was filed on behalf of the township. It is not stated in the remonstrance that the township is the owner of any lands, or that any easements in lands will be affected by the construction of the proposed ditch, or that it is otherwise interested in its construction.

The remonstrance was signed by attorneys for the township, and was not verified. After the expiration of ten days the petitioner moved to strike out the remonstrance, on the ground that it was not verified as the statute required. With-

out showing any excuse for the failure to verify it within the
ten days, the township trustee interposed a motion for leave
to file an amended remonstrance. The amendment proposed
was the verification of the paper originally filed as a remon-
strance. This was refused, and the motion to dismiss was
sustained. This ruling is complained of as erroneous. We
think the ruling of the court was right. By the statute ten
days are allowed after the filing of their report by the com-
missioners of drainage to the owners of lands affected by the
proposed work within which to file a remonstrance. The stat-
ute prescribes that the remonstrance shall be filed within ten
days, and that it shall be verified by affidavit. Assuming,
but not deciding, that a civil township may remonstrate with-
out averring that it is the owner of lands affected by the
work proposed, or that it is otherwise interested in or affected
by the proposed work, we are nevertheless of opinion that a
remonstrance in substantial compliance with the statute must
be filed within ten days.

A paper signed by attorneys, without verification by any
one, or any attempt to do so, is not a substantial compliance.

In *Munson* v. *Blake*, 101 Ind. 78, it was held that a re-
monstrance might be verified by an agent or other person
having authority to do so. Until it is verified in some man-
ner by some one, we think it can not be regarded as a stat-
utory remonstrance. *Hays* v. *Tippy*, 91 Ind. 102; *Crume* v.
*Wilson, ante*, p. 583.

Proceedings for the establishment of a ditch are statutory.
The right to remonstrate is given by the statute. The time
within which the remonstrance is to be filed, who may re-
monstrate, the grounds upon which it may be predicated, and
that it shall be verified by affidavit, are all prescribed by the
statute.

Where a right is created by statute, and the mode of ex-
ercising it is prescribed, that mode must be pursued. *Storms*
v. *Stevens, ante*, p. 46.

It will not do to say that an informal paper may be filed within ten days, and by that means the right to file a statutory remonstrance held open indefinitely. Whether a remonstrance, in substantial compliance with the statute, which is filed within ten days, may be amended, is a question not before us. A paper which lacks an essential statutory element of a remonstrance, however, can not be amended into such remonstrance after the expiration of ten days.

A motion to dismiss the appeal was made in this case, on the ground that all the persons against whom benefits were assessed were not notified of the appeal. We do not think this was necessary.

There was no error in the ruling of the court, and the judgment is accordingly affirmed, with costs.

