## IN RE GRIFFIN.

[No. 4,829.   Filed December 10, 1903.   Rehearing denied March 17, 1904.
Transfer denied May 13, 1904.]

ATTORNEYS.—*Disbarment.*—*Change of Venue.*—The accused in a disbarment
proceeding, brought under §988 Burns 1901, is entitled to a change of
venue from the county and to a change from the judge as in ordinary
civil actions.

From Hamilton Circuit Court; *J. F. Neal*, Judge.

Proceeding to disbar Samuel W. Griffin from the prac-
tice of the law.   From a judgment of disbarment, de-
fendant appeals.   *Reversed.*

*George Shirts* and *W. R. Fertig*, for appellant.
*T. P. Davis* and *R. K. Kane*, for appellee.

HENLEY, C. J.—This was a proceeding commenced by
certain attorneys appointed by the judge of the Hamilton
Circuit Court to disbar appellant from the practice of law.
The proceeding was commenced under §988 Burns 1901,
which is as follows: "The proceedings to remove or sus-
pend an attorney may be commenced by the direction of
the court or on motion of an individual.   In the former
case the court must direct some attorney to draw up and
prosecute the accusation; in the latter case it may be drawn
up by any person, and sworn to by the person making it.
Such accusation may be filed in any court in which the
attorney practices; and after five days' notice of the filing,
the attorney shall be bound to appear and plead to the
same, or suffer judgment by default.   If he appear, plead-
ings may be filed and trial had as in other cases."   The
accusation in this case consisted of eighteen specifications.
A demurrer was sustained to the first and second; the tenth
and fourteenth were dismissed by the accusers at the trial;
and the eighth, ninth, eleventh, twelfth, thirteenth, and
fifteenth specifications were dismissed on appellant's

motion. The case was tried upon the fourth, fifth, sixth, seventh, sixteenth, seventeenth, and eighteenth specifications of charges, upon issues made by an answer of general denial, and an answer of former adjudication as to the sixth, seventeenth, and eighteenth specifications. The cause was submitted to trial by the court and jury, who found the appellant guilty of all the charges preferred; whereupon the court rendered a judgment on the verdict that "appellant be disbarred from the practice of law, now and henceforth, in the State of Indiana."

One of the specifications of appellant's assignment of errors in this court is that the trial court erred in overruling his motion for a new trial. Two of the causes stated in appellant's motion for a new trial are that the trial court erred in overruling appellant's motion for change of venue from the county and his motion for a change of judge. Each of these motions should have been sustained, and we think it matters not in arriving at this conclusion whether we regard this proceeding as a civil action or as a special proceeding. Regarding it as a special proceeding, appellant would have all the rights granted in civil actions, unless and except the statute providing for this action specially otherwise provided. *Weakly* v. *Wolf,* 148 Ind. 208, 220. In the case cited the court said: "But it is said that this is a special proceeding, and not a civil action; and that the statute under which the proceeding is brought does not provide for change of venue. In the early decisions there seems to have been a disposition to refuse changes of venue in all special proceedings, wherever the special statute giving the right of action did not provide for such change; but our later decisions have extended the general provisions of the code to such special proceedings, in so far as the particular statutes have not provided a different or inconsistent procedure of their own." In consonance with this rule the Supreme Court have held that changes of venue should be granted in applications for

liquor licenses, in bastardy proceedings, in claims against decedents' estates, in actions to determine the question of suretyship, proceedings supplementary to execution, drainage proceedings, and to establish guardianships. *Berry* v. *Berry,* 147 Ind. 176; *Bass* v. *Elliott,* 105 Ind. 517; *Evans* v. *Evans,* 105 Ind. 204; *Burkett* v. *Bowen,* 104 Ind. 184; *Williams* v. *Fleenor,* 77 Ind. 36; *Lester* v. *Lester,* 70 Ind. 201; *Saint* v. *State, ex rel.,* 68 Ind. 128; *State* v. *Vierling,* 33 Ind. 99.

It will be observed that the statute under which this proceeding is prosecuted provides that "pleadings may be filed and trial had as in other cases," and it has been held that the attorney against whom the charges are preferred is entitled to a trial by jury. *Reilly* v. *Cavanaugh,* 32 Ind. 214. And in every case where persons are entitled to a trial it is certainly the intention of the law that the trial shall be fair, and if before a judge that he should be unprejudiced, and if by a jury that the jury should be fair, unprejudiced, and impartial. In the case of *Evans* v. *Evans, supra,* the court said: "Changes of venue are provided for, in order that parties litigant may have fair and impartial trials, and hence the provision * * * for a change of venue from the county where one of the parties may have an undue influence over the citizens, or where an odium may attach to one of the parties, or to his cause of action or defense, on account of local prejudice. The parties to a litigated case are entitled to a trial in a forum where the scales of justice may balance evenly, unaffected by the influence of either party, or the odium that may result from local prejudice."

It can not be said that appellant was not a party to a litigated case. The case of *Slemmer* v. *Wright,* 46 Iowa 705, is very much in point. In that case the defendant was an attorney, practicing in the courts of the state of Iowa, and a proceeding was brought against him under a statute of that state for the purpose of disbarring him.

There was a trial and a judgment disbarring him. The trial court had refused to grant the defendant a change of venue from the county, and this question was presented by the appeal to the supreme court. The court said: "The application was in all respects in due and proper form as required in civil actions. The application was overruled. This ruling constitutes error." And in *State* v. *Clark,* 46 Iowa 155, it was held that "a proceeding upon charges preferred by a private prosecutor to disbar an attorney is a special proceeding wherein a change of venue on account of prejudice of the judge may be granted upon the same conditions and upon compliance with the same rules as in ordinary civil actions." *Peyton's Appeal,* 12 Kan. 398, was an action brought for the purpose of disbarring an attorney. The supreme court of that state reversed the judgment of the trial court for the reason that the trial court had overruled a proper application made by the defendant for a change of venue from the judge.

We think it unnecessary further to discuss this question. The same statement might be made by us as was made by the Supreme Court in *Evans* v. *Evans, supra,* where that court said, speaking of an action for divorce: "It can hardly be supposed that the legislature intended that such cases, fraught with such consequences, and in which the public have an interest aside from the parties, should be tried in a less impartial forum than ordinary civil actions." The trial court erred in refusing to change the venue from the county, and in refusing to grant a change from the judge, on proper application made therefor.

The judgment is reversed, with directions to the trial court to sustain appellant's motion for a new trial, and for further proceedings not in conflict with this opinion.