## DRINKWATTER ET AL. *v*. EIKENBERRY ET AL.

[No. 28,113. Filed January 16, 1946. Rehearing denied February 13, 1946.]

Rhodes & Rhodes, of Peru, for appellants.

Russell J. Wildman, of Peru, for appellees.

O'MALLEY, J.—On October 29, 1945, this court adopted an opinion in the above entitled matter. The appellees petitioned for a rehearing, and after due consideration, it was granted and the prior opinion was withdrawn.

This action was commenced in the court below by petition of the owners of more than five per cent in acreage of the land affected by and assessed for the construction of the Eugene Mills Ditch and Tributary No. 2 thereof, requesting the alteration and repair of said ditches. The petition particularly set forth the beginning, course and termini of the ditches to be repaired, and that their combined length was 43,285 feet.

Notice was given pursuant to statute, the cause was docketed without objection, and thereafter the court appointed as viewers the Surveyors of Miami, Cass and Fulton Counties. Subsequent thereto the viewers filed their report for the reconstruction of the ditches described in the petition showing that such reconstruction was practical and of public benefit. Some time after the report of the viewers, the County Surveyor of Miami

County, as engineer, filed his report recommending the reconstruction of the Main Mills Ditch, Tributary No. 2, the Holland Ditch, the Southerton Ditch, and the Chinworth Ditch, totalling 65,506 feet in length, as a practical necessity to accomplish the drainage for which the petition was filed. In this report the four last named ditches were set out as branches of the Eugene Mills Ditch. In the petition above referred to, the Holland Ditch, the Southerton Ditch and the Chinworth Ditch were not described or mentioned, although all persons interested in each of these ditches were made parties to the original petition.

To the report of the engineer, the appellants, with others who subsequently withdrew therefrom, filed their objection and remonstrance; the matter was duly set for hearing; on the day fixed therefor the matter was heard; and on September 11, 1944, the engineer's final report was filed.

On September 22, 1944, the appellants with others filed their verified remonstrance to the final report of the engineer, and on February 21, 1945, the appellants filed a motion to strike out the report, because of the adding of the Holland Ditch, the Southerton Ditch and the Chinworth Ditch to the proceeding.

The alteration and repair of ditches is provided for under § 27-120, Burns' 1933 (Supp.), Acts 1937, ch. 162, § 2, p. 853, which is a part of the statute on drains.

The appellants claim that the court erred in appointing as viewers the Surveyors of Cass and Fulton Counties to act in conjunction with the Surveyor of Miami County since the ditches to be altered and repaired are located wholly in Miami County. Clause E of the above section provides that the preceding sections of the Act, in so far as they may be applicable, shall apply in the matter of giving notice,

in the filing of a remonstrance, and in the procedure which follows. It further states that the duties of the surveyor shall, so far as applicable to the proceeding, be the same as in case of the original construction of a public drain. From this it must be understood that § 27-107, Burns' 1933 is the particular section of the statute from which we can determine whether or not the appellants have made a timely objection to the action of the court in appointing the viewers. In that section, 10 days, exclusive of Sunday and the day of docketing, are given as the time within which to file any demurrer, remonstrance or objection to the form of the petition or to assert any reason why the viewers appointed should not act in the matter. No such objection or remonstrance was ever filed and this question was not presented to the court below. Unless it is jurisdictional it is not now before us for review. This court has held that whether or not viewers are properly qualified merely affects the regularity of the proceeding and it is not jurisdictional. *Cauldwell* v. *Curry, Treasurer* (1884), 93 Ind. 363; *Otis* v. *DeBoer* (1889), 116 Ind. 531, 19 N. E. 317; *Thompson* v. *Ferguson* (1913), 180 Ind. 312, 102 N. E. 965.

If it was error to appoint as viewers the surveyors of two adjoining counties, this error, if properly objected to in the trial court, could be corrected on appeal but we cannot see how it could possibly affect the court's jurisdiction.

In the remonstrance that was filed to the final report of the engineer, it was stated that the report was not according to law by reason of the fact that it did not assess the cost of removing the fill under certain conditions set forth. It does not attack the report for any of the reasons assigned in the motion to strike or which are now asserted as a cause for a reversal. If

the report covered more than it should have covered under the statute, the appellants could and should by remonstrance have asserted that matter as a reason for claiming that the report was not according to law. This was recognized by the appellants when they unsuccessfully attempted to amend the remonstrance on February 27, 1945.

On many occasions this court has held that such defect or irregularity must be called to the attention of the court by remonstrance. *Thompson* v. *Mossburg* (1923), 193 Ind. 566, 139 N. E. 307, 141 N. E. 241; *Stroup* v. *Ferguson, Trustee* (1928), 200 Ind. 139, 142, 161 N. E. 628, 629. It has likewise been held that defects in a report do not affect jurisdiction. *Williams* v. *Dexter* (1911), 175 Ind. 659, 95 N. E. 113.

This court has also maintained that a remonstrance cannot be amended after the time for filing has passed if the amendment would cause a question to be presented which differs from that indicated by the original specification. *Clarkson* v. *Wood* (1907), 168 Ind. 582, 81 N. E. 572; *Morgan Civil Township* v. *Hunt* (1886), 104 Ind. 590, 4 N. E. 299.

Subsequent to the overruling of the motion to amend the remonstrance, the motion was made to strike out the final report of the engineer. This motion asserted that the report contemplated the repair and reconstruction of three additional drains; that the length of the additional drains was greater than the length of the drain for which the petition was filed; and that the court thereupon lost jurisdiction of the matter. While it is true that the addition of the three drains did add more than 10 per cent of the length of the drain as it was described in the petition, that fact did not oust the jurisdiction of the court.

The motion to strike was merely an attempt to again remonstrate for a reason not specified in the original remonstrance and the court correctly overruled ▉ that motion. Its allowance would have permitted an objection which could have been raised by remonstrance to be presented at a time when the right to remonstrate had long since been waived. § 27-114, Burns' 1933.

Section 27-120 and § 27-114, *supra,* are both part of the same statute as amended. The former refers to the other and preceding sections, and this statute must ▉ be construed as a whole. The right to remonstrate and the duties of the engineer are governed by the prior sections, excepting where limited by the terms of § 27-120, *supra.* Since this claimed error was waived by the failure to present it under the statute, § 27-114, *supra,* the claim that the court lost jurisdiction of the proceeding, because the final report of the engineer described a proposed drain that was more than 10 per cent longer than the drain originally described in the petition, is not well taken.

In *Lowery* v. *State Life Ins. Co.* (1899), 153 Ind. 100, 54 N. E. 442, on which dissent to this opinion is bottomed, this court had before it a suit by a policyholder, who was attempting to enjoin the corporation from issuing a contract which appellant believed was harmful to him and to other policyholders. In that case the court had before it a claimed cause of action that ran counter to an express statute prohibiting courts from entering judgments which would enjoin or interfere with the business of an insurance company, unless the application was made by the Attorney General of the State of Indiana. No question that was determined in that case could possibly be considered as authority on which to base a holding in the instant case that the lower court

lost jurisdiction by reason of erroneous rulings or defects in the proceeding. It does not hold that claimed error in a ruling can cause loss of jurisdiction that has been lawfully obtained. In the case before us the court had jurisdiction of the subject matter and of the persons involved. If the court ruled incorrectly, the parties could exercise their right of appeal in protection of their interest.

At the conclusion of the appellees' evidence, the appellants moved for judgment. This motion was overruled and appellants now complain of this action of the court. After this adverse ruling the appellants introduced evidence. If, in a trial before the court, a motion for judgment is proper at the conclusion of the plaintiffs' evidence, it would be governed by the same rules that apply on motions for a directed verdict in a trial before a jury, and the defendants by introducing evidence waived any error in the ruling. See *The Baltimore, etc. R. W. Co.* v. *Conoyer* (1898), 149 Ind. 524, 48 N. E. 352, 49 N. E. 452.

The evidence is questioned as being insufficient, but since only that introduced by appellees is in the record and that introduced by the appellants is omitted, an examination of the evidence is precluded. Rule 2-17, Supreme Court of Indiana; *Alford* v. *Reid* (1944), 222 Ind. 137, 52 N. E. (2d) 357.

In so far as this appeal is concerned no question has been presented which would require a reversal.

The judgment is therefore affirmed.

Gilkison, J. dissenting with opinion.

Note.—Reported in 64 N. E. (2d) 399.

## DISSENTING OPINION

GILKISON, J.—I agree with the majority opinion that the appointment of the county surveyors of Cass and

Fulton counties as viewers for the proposed repair of a ditch, while probably an erroneous act, was not such an error as affected the jurisdiction of the court. Since appellant did not object to this erroneous action in the lower court, no question can be presented thereon, on appeal.

However, I am unable to agree with the majority opinion on the remaining propositions decided, for the reason that I believe the court below acted without jurisdiction of the subject matter, in adding to the Eugene Mills ditch, 29,200 feet in length, sought to be repaired by the petition, four other ditches not asked to be repaired, the aggregate length of which was 36,306 feet or 124+% in extent of the original plans and specifications of the ditch asked to be repaired. The majority opinion is in error in stating that the petition requested the repair of "Tributary No. 2" of the Eugene Mills Ditch. There is no such request in the petition.

It is admitted by the majority opinion and likewise by the parties to this appeal that this is a special statutory proceeding to alter and repair a drain, brought under paragraph (1) of subsection (a) of § 27-120, Burns' 1933 (Supp.). It is not brought under § 27-104, et seq. Burns' 1933 which provide the procedure for the construction and for the reconstruction of a drain. It is therefore, not a petition for the construction or reconstruction of a drain. It is a petition to alter and repair an existing drain.

I think the majority opinion is in error in holding that the provisions of the act authorizing the construction and reconstruction of ditches, are applicable to a proceeding under the alteration and repair statute so as to authorize the surveyor in his report to add additional ditches which the petition does not ask to be altered or repaired, and exceeding in extent more than

10 per cent. of the original plans and specifications of the ditch asked to be repaired. I have at least two reasons for this belief. First, that part of the statute relied upon for this holding reads as follows:

"The form and contents of *such petition and* other provisions thereof, so far as applicable, shall conform and be similar to the petition provided in this act relative to original petitions for construction of drains; as well as the provisions of this act relative to notice of docketing thereof, objections thereto, and the reference of said petition to the surveyor and viewers, the findings of the viewers, *the filing of the surveyor's report,* and other proceedings shall, so far. as applicable, conform and comply to the proceedings *in this section specified* for the repair, change or extension of any such drain or the installation, construction and maintenance of control dams therein."

§ 27-120, *supra,* Clause (c). (Our italics).

It will be noted that in ·§ 27-120, *supra,* the only authorization of a surveyor's report is as to the filing thereof—and not as to its contents—and it is expressly provided that it must be filed so as "to conform and apply to the *proceedings in this section specified for the repair, change or extension of any such drain . . .*" (Our italics). Therefore, the provision in § 27-105, for the addition of arms or branches by the surveyor's report in the original construction statute is noticeably excluded from a proceeding under the repair statute. There is likewise no authorization for a remonstrance to the surveyor's report and no reference thereto in the alteration and repair statute under which this proceeding is founded. We have no right to blend § 27-104, et seq. with § 27-120, *supra.* For its own reasons, which I think were entirely proper, the General Assembly separated them. The parties, in this action, have proceeded under the repair statute and it is a

duty of the courts to see that the entire proceeding is kept reasonably within the terms of this statute. It is only the applicable provisions of § 27-104, et seq. that can possibly apply in a proceeding instituted to alter and repair a drain under § 27-120, *supra,* and these apply only to "the form and contents of such petition and other provisions thereof." The provision for the addition of "arms and branches" in the surveyor's report not only is not applicable, but it is clearly omitted in the statute last quoted above.

Second, the statute under which the action is brought expressly forbids the excessive extension of the drain to be repaired, as allowed in the majority opinion, by clause (b) paragraph (2) thereof reading as follows:

"No petition filed in conformity with the provisions of paragraph (1) of subsection (a) of this section shall contemplate the increasing of the tile, the average deepening and widening or the extension more than ten (10) per cent of the original plans and specifications."

The word "contemplate" as used in this section is inclusive. An apt definition of it by Webster's unabridged dictionary is: "to purpose or intend." Therefore, the petition in this case can not purpose or intend the extension more than 10 per cent of the original plans and specifications. The above quoted statute is controlling in all proceedings brought under this alteration and repair section. It was enacted in 1933, amended in 1937, ch. 162, § 2 p. 853, and this is the only case brought under it that has come to this court. Decisions under former drainage statutes not containing the above quoted limitation, relied upon in the majority opinion are wholly inapplicable.

It is an established principle of law that if a statute creates a new right, and provides a valid remedy for

its enforcement, the remedy thus given must be pursued to the exclusion of all others. The parties can not by contract or acquiescence, vary the procedure provided by the statute. 1 Am. Jur. 411, § 12; *Storms* v. *Stevens* (1885), 104 Ind. 46, 47, 48, 3 N. E. 401; *Shipman, Exr.* v. *Shipman, Gdn.* (1934), 99 Ind. App. 445, 451, 192 N. E. 849. Limitations placed on a right thus created become a part of the right conferred and compliance with them is made an essential to the assertion of the right itself. 1 Am. Jur. 410, § 11; *Bowen* v. *Illinois C. R. Co.* (1905), 136 Fed. 306, 70 L. R. A. 915. It is a rule of universal application that the statute conferring jurisdiction must be strictly pursued in the method of procedure prescribed by it, *or the jurisdiction will fail to attach, and the proceeding will be coram non judice and void. French* v. *Willer* (1888), 126 Ill. 611, 18 N. E. 811, 2 L. R. A. 717, 718. A court has no power to do anything which is not authorized by law and when its procedure is defined by a special statute, its judicial functions are essentially controlled thereby, and the remedy is confined to the mode prescribed, and the procedure so provided excludes resort to another or different procedure. *Lowery* v. *State Life Ins. Co.* (1899), 153 Ind. 100, 104, 54 N. E. 442; *Ryan* v. *Ray* (1885), 105 Ind. 101, 106, 4 N. E. 214; *Bartlett* v. *Manor* (1896), 146 Ind. 621, 625, 45 N. E. 1060.

In *Lowery* v. *State Life Ins. Co., supra,* at pages 102 and 103, Judge Hadley, speaking for this court, has correctly stated the applicable law thus:

"A court is a creature of the law, instituted for the determination of questions of law and fact under defined restrictions and limitations. The territorial limits of its power, the subjects and classes over which its power may be exercised, the terms upon which it may put its power into action, are as firmly and clearly established as the right to adjudicate when authorized to do so; and, though a

court of general jurisdiction, it must proceed in the manner and upon the conditions imposed by the law, and an assumption of jurisdiction over a subject or a person, upon terms denied by the law, is as unwarranted and futile as the assumption of jurisdiction without its territorial limits. A departure from the limits and terms of jurisdiction is usurpation of power that imparts no validity whatever to its judgments and decrees. Works, § 10, p. 28, and authorities cited. Hence, we have the generally accepted rule that, when a court proceeds without jurisdiction of the subject-matter, its judgment is wholly void; . . .

"A void judgment implies no judgment at all, and its non-existence may be declared upon collateral attack, upon suggestion of an *amicus curiae,* or by the court at any time upon its own motion. . . . And the duty is not affected by the acquiescence or agreement of the parties to submit to the jurisdiction, since jurisdiction that cannot be acquired without consent cannot be bestowed with it." Cases cited.

This statement of the law is quoted with approval in *State* v. *Gorman* (1908), 171 Ind. 58, 64, 85 N. E. 763. See also *Moore* v. *Moore* (1923), 81 Ind. App. 169, 173, 174, 135 N. E. 362; *Hutts* v. *Martin* (1893), 134 Ind. 587, 592, 33 N. E. 676; *McFadden* v. *Ross* (1886), 108 Ind. 512, 516, 517, 8 N. E. 161.

A judgment or decree may be valid in part because within the jurisdiction of the court, and void in part for want of jurisdiction. *Kline* v. *Kline* (1886), 57 Iowa 386; 42 Am. Rep. 47; *Belford* v. *Woodward* (1895), 158 Ill. 122, 134, 29 L. R. A. 593, 599.

Section 27-120, *supra,* is the empowering statute in this case. Within its limitations the court, the viewers, the surveyor and the parties are empowered to act. Beyond its limitations all are alike powerless. The court below has jurisdiction of the action *within the definitions and limitations* of this statute. Beyond this it is

without jurisdiction. Clause (b) of paragraph 2 is clearly a limitation in this proceeding. It must be honored by everyone having to do with the action. In original actions to construct or reconstruct drains a surveyor may include other drains than those petitioned for, to effectively drain the territory involved, *because he is authorized so to do by § 27-105 of the empowering statute.* In a proceeding to alter and repair a drain under § 27-120, *supra,* he may not do so, because of the limitations contained in Clause (b) of Paragraph (2) of the empowering statute. In so far as the finding and judgment of the court below seeks to give force and effect to the surveyor's report ordering the alteration and repair of drains in excess of 10 per cent of the original plans and specifications of the ditch petitioned to be repaired, it is *coram non judice* and void. I do not contend that the court lost jurisdiction of the entire case as erroneously suggested in the majority opinion, but I do maintain that it was without jurisdiction to increase the extent of the ditch to be repaired beyond 10 per cent of the original plans. It seems to me that the reasoning in the majority opinion is tainted by the erroneous assumption that unless the lower court lost jurisdiction of the entire case, then, no matter how far it strayed from the jurisdiction granted it by the empowering statute, everything attempted to be adjudicated is valid. That a court may exceed its jurisdiction in the rendition of a judgment seems quite elementary and when it does so the excess, in every instance that has come to my attention, has been held to be void.

This jurisdictional question was not raised below by remonstrance. Probably it might properly have been so raised although the empowering statute does not mention a remonstrance to a surveyor's report. Appel-

lants' motion to amend the remonstrance so as to raise this question was overruled, probably because the court believed it came too late, but it raised the jurisdictional question. The error sought to be presented was not merely an error within the power of the court to commit, but was an error of absence of power to act at all—an error of usurpation. It has been frequently held as stated in *Southern R. Co.* v. *Town of French Lick* (1913), 52 Ind. App. 447 at page 452, 100 N. E. 762, that:

"... In all special statutory enactments the procedure prescribed by the statute must be followed, but when not inconsistent with the procedure so prescribed, the practice authorized by our civil code may be followed. *Evans* v. *Evans* (1886), 105 Ind. 204, 5 N. E. 24, 5 N. E. 768; *Weakley* v. *Wolf* (1897), 148 Ind. 208, 220, 47 N. E. 466; In re *Griffin* (1904), 33 Ind. App. 153, 69 N. E. 192."

See also *C. C. C. & St. L. R. R. Co.* v. *Schuler* (1936), 211 Ind. 172, 5 N. E. (2d) 975.

I think it was proper to present the question of lack of jurisdiction of the subject matter by the motion to strike out the surveyor's report, and by the motion for finding and judgment for remonstrators presented at the end of petitioners' evidence, since each motion specifically called the court's attention to its lack of jurisdiction, beyond the limitations of the statute involved. These alleged errors were presented to the trial court, they are presented to this court by appellants' assignment of errors 2, 3 and 5. Since this was an error of assumption of jurisdiction of the subject matter—a jurisdiction which the court did not have inherently, and which not only had not been granted to it by law, but had been expressly withheld from it by an affirmative statute, the error may be presented at any time, in any manner, and if not presented it is our duty of our own

motion to present it; and to take such action as will correct it. The fact that in each of the motions mentioned above the appellants asked for greater relief than they were entitled to—the dismissal of the action for want of jurisdiction—is no legal reason for refusing to grant the relief to which they were lawfully entitled. *Stockton* v. *Lockwood* (1881), 82 Ind. 158, 162, 163; *Mandlove* v. *Lewis* (1857), 9 Ind. 194, 195, 196; *Hunter* v. *McCoy* (1860), 14 Ind. 528; *Anderson* v. *Ackerman* (1883), 88 Ind. 481, 486, 487. No action or lack of action of appellants can waive this error as to jurisdiction of the subject matter. Since appellants' motion to strike out the surveyor's report directly raised this question in the court below it should have been sustained. I think the cause should be reversed with instructions accordingly.

Note.—Reported in 64 N. E. (2d) 399.