SCHISLER v. MERCHANTS TRUST COMPANY OF MUNCIE, EXECUTOR, ET AL.

[No. 28,677. Filed October 31, 1950.]

Starr, J., concurs with opinion in which Young, J., concurs.

*Byron Emswiller* and *Albert Stump,* of Indianapolis, for appellant.

*White & Haymond; Marshall E. Hanley, William H. Bales;* and *Warner, Clark & Warner,* all of Muncie; *Brown & Edwards* (of counsel), of New Castle; *Thomas M. Scanlon, Jerry P. Belknap;* and *Barnes, Hickam, Pantzer & Boyd* (of counsel), all of Indianapolis, for appellees.

GILKISON, J.—This action was brought in two paragraphs by appellant to collect damages alleged to have resulted to her from the execution of an alleged civil conspiracy by appellees. It is alleged that this conspiracy wrongfully deprived her of a right to operate jitney busses on Congerville Route or Routes one and two, in the city of Muncie, Indiana, these routes being

particularly described in the complaint. This alleged right is based upon the averred facts that on April 16, 1941 she was and had been the holder and owner of a certificate of public convenience and necessity to operate busses on these routes, and that she then held, and for many years prior thereto she had held a license to operate such busses, and had operated the same under such certificate and license, and was so operating the same at that time. That the city of Muncie by ordinance enacted in 1921 and an amendment thereto enacted in 1923; and by an ordinance enacted in 1925 among other things regulated the operation of jitney busses within the city, and the granting of certificates of public convenience and necessity after hearing by the Common Council, and provided that any jitney bus owner who had operated over a fixed route upon a regular schedule for ninety days prior to November 26, 1925, should be entitled to such certificate as a matter of right.

That appellant's husband shortly after the enactment of the 1925 ordinance, duly obtained from the city council a certificate of public convenience and necessity and a license to operate jitney busses on said routes, and immediately entered upon the operation of the jitney bus routes in accordance with the terms thereof and of the laws of the state, and purchased busses and other equipment therefor. These facts, it is averred, constituted a franchise or contract between the city and appellant's husband, John M. Schisler, now deceased, carrying with it the duties and obligations pertaining thereto as set forth in the ordinances and as fixed by law; that this alleged franchise or contract constituted a property right of great value. That plaintiff does not have and cannot obtain the original or a copy of such franchise or contract, and cannot make the same a part of the complaint for that reason.

That she believes the defendants have the original or copies thereof.

That John M. Schisler died August 26, 1934 testate, and bequeathed and devised to plaintiff, who is his widow, all his property. That on September 3, 1934 the Common Council of the city, by resolution, which is made Exhibit "B" in the complaint, transferred to the executor of the will the certificate of convenience and necessity granted to John M. Schisler with authority in the executor to transfer it to plaintiff agreeable with the will, subject to the approval of the Probate Court of Delaware County. That in due time the executor transferred the alleged franchise to plaintiff with the approval of said Probate Court; that she accepted the same and thereafter regularly paid all the license fees required and continued to operate the jitney busses on the routes, expending large sums of money for busses and equipment. That she performed all the duties, obligations and covenants incumbent upon her under her contract, the several city ordinances, and the laws of the state until prevented therefrom by the appellees late in 1941. The acts of such alleged prevention are fully alleged in the complaint.

General demurrers by Merchants Trust Company, Executor; George S. Koons, Executor and John R. Hines; John D. Lewis, H. Lester Janney and William H. Bales; Orville Sutton, Samuel L. Cunningham, Harold Stanley, Ora T. Shroyer, Ray Langdon, Kenneth Rutledge and Albert Stephens; and Wesson Company, were sustained by the court. Appellant refused to plead over and judgment was rendered against her that she take nothing and that appellees recover their cost. From this judgment the appeal is taken.

The first important question raised by the several demurrers is: Do the licenses alleged to have been granted appellant and her predecessors in manner and

form as alleged in the complaint amount to a contract or franchise for any determinate or indeterminate period?

This court has held that a franchise is a privilege or immunity which can exist only by special grant of the state government, and is incapable of existing without such grant. It is, therefore, essential that a franchise should be a grant from the sovereign authority. There cannot be a franchise which is not derived from the legislative power of the state. *The State, ex rel. Walker, Prosecuting Attorney* v. *Green* (1887), 112 Ind. 462, 472, 14 N. E. 352. See also 23 Am Jur., Franchises, § 10, p. 722; 37 C. J. S., Franchises, § 2, p. 147; § 14 (a), p. 156.

By statute every city and town in Indiana is given exclusive power over the streets, alleys, bridges and public grounds within such city or town, except when otherwise provided by law. Section 48-503, Burns' 1950 Replacement; Acts 1905, Ch. 129, § 267, pp. 219, 407; and § 48-7302, Burns' 1950 Replacement; Acts 1905, Ch. 129, § 254, pp. 219, 396.

Wherever there is a statutory grant of authority or power to a city or town and no method is provided for the exercise of such authority or power, the common council of any city or the board of trustees of any town, may, by ordinance, provide such method. Section 48-501, Burns' 1950 Replacement; Acts 1905, Ch. 129, § 270, pp. 219, 409.

The Common Council of every city has power to enact ordinances to regulate, tax and license coaches, hacks, drays, automobiles and all other vehicles. Clause 32nd, Section 48-1407, Burns' 1933; also to license, tax and regulate public hackmen, draymen, omnibus drivers, carters, cabmen, porters, expressmen, bill-posters and all other persons pursuing like occupations for pay or hire, and to prescribe their

compensation, and to revoke any license for violation of such ordinance. Clause 38th, Section 48-1407, *supra;* Acts 1905, ch. 129, § 53, pp. 219, 246, 252. See also *Frick* v. *City of Gary* (1922), 192 Ind. 76, 83, 84, 135 N. E. 346.

Cities are authorized by statute to grant franchises for private gain by proceedings in which taxpayers have an opportunity to be heard thus:

"Whenever . . . the board of public works of any city," or "the common council of any city not having a board of public works, . . . desires to enter into a franchise, grant or contract granting the use over, under or along any public highway, street or alley, to any person, persons, firm or corporation, for personal or private gain, . . . such . . . board of public works," or "common council . . . shall determine the exact form in which such franchise, grant or contract is to be finally adopted, and thereupon, such . . . board of public works," or "common council . . . shall fix the time at which said franchise, grant or contract will be finally considered, which day shall be not less than fifteen (15) days thereafter. At said time and place, a public hearing shall be had, at which any taxpayer . . . of such city . . . may appear and file protest against any or all of the provisions of said franchise, grant or contract." Publication of the purpose of, and the time and place of, the hearing with a full text of the proposed franchise, grant or contract is provided for. § 48-7303, Burns' 1950 Replacement; Acts 1913, ch. 108, § 1, p. 286. See also § 48-7302, Burns' 1950 Replacement; Acts 1905, ch. 129, § 254, pp. 219, 396; and § 54-601, Burns' 1950 Replacement; Acts 1913, ch. 76, § 97, pp. 167, 200; Acts 1933, ch. 190, § 9, pp. 928, 942.

Exhibit A of the complaint is an ordinance of the city of Muncie in effect on December 10, 1925, regulating the operation of jitney busses on the streets, avenues or highways in the city. It provided for the filing of an application for a license, the contents thereof,

the payment of a yearly license fee and the amounts thereof. It provided that the applicant file a bond, indemnity undertaking, or policy of insurance for the year of the license to be issued, as provided by the ordinance. It provided penalties for violation of the provisions of the ordinance and repealed all conflicting ordinances. Exhibit F is an ordinance of 1935 amending this ordinance of 1925 or Exhibit A, but in all things, retaining its license features and not providing for the granting of any franchise or other contract, Exhibit C of the complaint is an ordinance passed on August 4, 1941 and signed by the mayor on August 5, 1941. Among other things it provides that thereafter no one should operate a bus upon the highways of the city, except pursuant to a franchise contract entered into with the Board of Public Works and Safety, ratified by the Common Council; that persons then operating busses might continue for the current year, if they made written application to do so within five days after the ordinance became effective; and provided for a refund of the unaccrued license fee paid. It also provided for penalties for violation of the ordinance, and for the repeal of all ordinances, resolutions, and action of the Common Council relating to the regulation and licensing of, and issuance of certificate of convenience and necessity for busses theretofore enacted. This ordinance was doubtless enacted to bring the relation between the city and bus operators within §§ 48-7303 to 48-7306 inclusive, Burns' 1933, 1950 Replacement aforenoted; Acts 1913, ch. 108, p. 286. It was also intended to make that relationship agreeable with the Motor Vehicle Act of the state. Burns' 1940 Replacement, §§ 47-1211 to 47-1250 inclusive, and particularly with §§ 47-1216 and 47-1217 thereof. Acts 1935, ch. 287, p. 1412, §§ 1 to 42 and amendments thereto.

Exhibits A and F of the complaint, were lawful ordinances of the city of Muncie, and under the averments of the complaint, they granted to appellant's testator and later to appellant a license to operate jitney bus service over the routes described in the application and the certificate of convenience and necessity for a period of one year from the date of the payment of the license fees. They also gave her a right to a renewal of the license each year thereafter agreeable with the terms of the ordinances.

However, these ordinances were repealed by the ordinance of August 5, 1941, aforenoted which is made Exhibit "C" of the complaint.

In considering the averments of the complaint with reference to the existence of a franchise in favor of appellant we are governed by certain definite rules one of which may be stated thus:

> "It is a general rule that specific averments in a pleading must be given precedence over general averments regarding the same matter. They are deemed to explain, limit, and control the general allegations." 41 Am. Jur., Pleading, § 33, p. 312.

This rule is applicable to inconsistent allegations of a conclusion and the special facts from which it is drawn. 49 C. J., Pleading, §§ 111, 112, p. 119. If the pleader goes beyond the general allegations and sets forth the specific facts that he claims constitute the situation which entitles him to recover, the specific averments may overbear the general and render the pleading vulnerable to demurrer. *Cleveland, etc. R. Co.* v. *Berry* (1899), 152 Ind. 607, 610, 53 N. E. 415, 46 L. R. A. 33; *DeRuiter* v. *DeRuiter* (1901), 28 Ind. App. 9, 12, 13, 62 N. E. 100; *Houck* v. *Graham* (1886), 106 Ind. 195, 202, 6 N. E. 594; *Ohio and Mississippi Railway Company* v. *Walker* (1888),

113 Ind. 196, 198, 15 N. E. 234; *Pittsburg, etc. R. Co.*
v. *Collins* (1904), 163 Ind. 569, 572, 71 N. E. 661;
*American Car, etc. Co.* v. *Vance* (1912), 177 Ind. 78,
82, 97 N. E. 327; *Reynolds et al.* v. *Copeland* (1880),
71 Ind. 422, 424; *The State* v. *Wenzel* (1881), 77 Ind.
428, 430; *Boesker et al.* v. *Pickett et al.* (1882), 81 Ind.
554, 555.

Another may be stated thus:

In all grants by the government to individuals or cor-
porations, of rights, privileges, and franchises, the
words are to be taken most strongly against the
grantee. One who claims a franchise or privilege
in derogation of the common rights of the
public must prove his title thereto by a grant clearly
and definitely expressed, and cannot enlarge it by equiv-
ocal or doubtful provisions or probable inferences. 12
R. C. L., Franchises, §§ 15 and 21, pp. 189 and 194;
23 Am. Jur., Franchises, § 16, pp. 725, 726; 37 C. J. S.,
Franchises, § 10 (a), pp. 154, 155; *Holyoke Water
Power Co.* v. *Lyman,* 15 Wall. 500, 21 L. Ed.
133; *The Indianapolis Cable Street R. R. Co.* v. *The
Citizens Street R. R. Co.* (1890), 127 Ind. 369, 390,
24 N. E. 1054, 26 N. E. 893, 8 L. R. A. 539; *Kinsey* v.
*Union Traction Co.* (1907), 169 Ind. 563, 632, 81 N. E.
922; *Muncie Nat. Gas Co.* v. *City of Muncie* (1903),
160 Ind. 97, 112, 66 N. E. 436; *Valparaiso City Water
Co.* v. *City of Valparaiso* (1904), 33 Ind. App. 193,
197, 198, 69 N. E. 1018.

Applying these rules it is apparent from the ordi-
nances of December 10, 1925, and April, 1935 pleaded
as Exhibits A and F and which must govern all
the conclusions contained in the complaint on
the subject of a franchise, that appellant
never at any time had or could have had a franchise
to operate jitney busses on the Congerville Route in
Muncie. The most she had or could have had was a

yearly license to operate such busses, agreeable with the terms of the ordinances under which she claims. While it is not always clear, there is a distinction between a franchise or contract, and a license. 37 C. J. S., Franchises, § 7, p. 149; 23 Am. Jur., Franchises, § 3, p. 716; *McPhee & McGinnity Co.* v. *Union Pac. R. Co.* (1907), 158 Fed. 5, 10. To the extent *Denny et al.* v. *Brady, Receiver* (1928), 201 Ind. 59, 163 N. E. 489 conflicts with this opinion, it is hereby disapproved. So far as shown by the complaint, the city of Muncie at no time exercised or claimed the rights given it by the statute to issue franchises to persons to operate jitney busses until the ordinance of August, 1941 aforenoted. That ordinance protected all of appellant's legal rights as a licensee to operate jitney busses in the city.

There is no contention that appellant obtained or made any effort to obtain a franchise to operate jitney busses in the city of Muncie under the ordinance of August, 1941.

Cities and towns in Indiana are incorporated entities, possessing only such powers as are granted by the legislature in express words, and those necessarily implied or incidental to those expressly granted, and those indispensable to the declared objects and purposes of the corporation and to its continued existence. When the manner in which granted powers may be exercised are by statute restricted to a definite course of procedure such procedure must be followed. *State, ex rel.* v. *McCormack* (1916), 185 Ind. 302, 305, 113 N. E. 1001; *State, ex rel. VanHoy Treas. etc.* v. *Able, Treas.* (1931), 203 Ind. 44, 50, 178 N. E. 683. See also *Drinkwatter* v. *Eikenberry* (1946), 224 Ind. 84, 64 N. E. 2d 399, and authorities there cited.

Since the Act of 1913, heretofore noted, Section 48-7303, Burns' 1950 Replacement, the method by which a city may grant a franchise or contract of the ■ kind pleaded in the complaint, is provided by that Act in express terms. If such franchise or contract were ever granted it must appear by the records of the city made agreeable with the terms of that Act. There is no averment in the complaint that any action was ever taken by appellant, or those under whom she claims, or by the city, agreeable with that act, so that a contract or franchise could have issued to appellant. Such a franchise or contract cannot be in parol, nor can it be implied.

Since appellant's complaint shows affirmatively that she could not have had the franchise or contract for the loss of which she seeks to collect damages ■ the demurrers to the complaint were properly sustained.

In this view of the case it is not necessary to decide other questions presented in the appeal.

The judgment of the lower court is affirmed.

Starr, J., concurs with opinion in which Young, J., concurs.

## CONCURRING OPINION

STARR, J.—I agree with the result reached by the majority. There are statutes cited in the opinion, however, and hereinafter described, which at the present time have not a general application in a case such as we have before us as to all cities and towns in this state. I also think other statutes which were not mentioned should have been cited and discussed. For these reasons I have decided to write this concurring opinion in the hope that it will prevent confusion as to the right to use motor vehicles on our highways as common carriers.

The majority opinion cites § 48-7303, Burns' 1950 Replacement; Acts 1913, ch. 108, § 1, p. 286, as authorizing cities to grant franchises for private gain. The foregoing statute is not the one which grants cities and towns the right to grant franchises but provides for general publicity before granting them. The Acts of 1905, ch. 129, § 254, as amended by Acts of 1911, ch. 104, § 2, (§ 48-7302, Burns' 1950 Replacement) should have been cited, which provide in part as follows:

> "Any city or town may enter into a contract with any person, corporation or association . . . and may provide in such contract the terms and conditions on which water, motive power . . . or other uses and accommodations of such and other public conveniences may be furnished by such person, corporation or association to such city or town and its inhabitants . . . Provided . . . that before such contract shall be made by any city of the . . . second class . . . such contract shall first be agreed to by the board of public works of such city, after which agreement, such board shall cause a proper ordinance approving and confirming such contract to be presented for adoption by the common council of such city."

Clauses 32 and 38 of § 48-1407, Burns' 1950 Replacement, are each cited and commented upon in the majority opinion. Said clause 32 gives every city and town the power to enact ordinances to regulate, tax and license coaches, hacks, drays, automobiles and all other vehicles; and clause 38 gives every city the right to license, tax and regulate public hackmen, draymen, omnibus drivers, carters, cabmen, porters, expressmen, billposters and all other persons pursuing like occupations for pay or hire, and to prescribe their compensation, and to revoke any license for violation of such ordinance.

It should also be noted by the Acts of 1913, ch. 76, § 110, being § 54-614, Burns' 1933, there was reserved

to every municipal council, when the Public Service Commission was created, the power to determine quality and character of service to be furnished or rendered by any public utility within such municipality, subject to review by the Commission.

By the motor bus Act of 1925, commonly called the Moorehead Amendment (Acts 1925, ch. 46), it was provided that in all cities and towns except those exempted by the Act no motor bus could be operated on the public highway for transporting passengers or property as a common carrier without first having obtained a certificate of public convenience and necessity from the Public Service Commission. By § 5 of this Act it was provided, among other things:

> ". . . that in any city or town . . ., where motor transportation is now furnished under, or by color of, a contract . . . the board of public works, common council or board of trustees, as the case may be, shall continue to supervise, control, permit, contract for and regulate such service and to determine when, if at all, for public convenience and necessity competing service shall be established; but the determination of the question of public convenience and necessity for competing service, shall be subject to appeal to and review by the circuit or superior courts of the county . . ."

This provision of said § 5 has been interpreted to mean that in such exempted cities and towns the regulation of motor bus service, the fixing of rates therefor and the control of competition remain in such cities and towns and not in the Public Service Commission. *Denny* v. *Brady, Receiver* (1929), 201 Ind. 59, 163 N. E. 489. This case also holds that in the city of Muncie, at the time of and prior to the adoption of the Act of 1925, motor buses were furnishing transportation as common carriers "by color of contract" and therefore said city of Muncie was in the class of cities in which

the grant of power to the Public Service Commission over buses as common carriers was excluded. As to these holdings I agree, but this case also seems to indicate that the Muncie bus ordinance as it existed prior to 1925, because it contains provisions which bind the licensed operators to maintain a certain schedule of trips, to maintain life insurance, etc., which provisions were accepted by the operators, created more than a license when acted upon. If this is what the Court meant I cannot agree as to this proposition. I assume it was this portion of this opinion which caused appellant to believe she had more than a license. Muncie is a city of the second class. A franchise must be granted by the city of Muncie by contract with its board of public works which must be published and confirmed by its common council. § 48-7302, Burns' 1950 Replacement (Acts 1905, ch. 129, § 254, as amended by Acts 1911, ch. 104, § 2) ; § 48-7303, Burns' 1950 Replacement, *supra*.

I also note that by § 3 of Chapter 287, Acts of 1935, the right of certain cities, including Muncie, to grant franchises and licenses to motor vehicles was preserved. Said § 3 was amended by § 2, ch. 300, Acts of 1937. Said § 2 was amended by § 1, ch. 42, Acts of 1939, which section was in turn amended by § 2, ch. 222, Acts of 1941, being § 47-1213, Burns' 1940 Replacement (1949 Supp.). Each of these amendments contains the identical exempting language of § 3 of the motor vehicle Act of 1935.

Due to the said Act of 1935 as amended not all cities and towns in the State of Indiana have the right to grant franchises and licenses for the operation of motor buses for the transportation of persons or property as common carriers. When the majority opinion cited said § 48-7303, Burns' 1950 Replacement, relating to publicity for franchises, and when the opinion cited

clauses 32 and 38 of § 48-1407, Burns' 1950 Replacement, as granting to cities and towns the right to license such common carriers, the application of these statutes should have been limited to those cities which are now exempted as above set out from said Act of 1935 as amended.

Appellant has shown by the allegations in her complaint that she once held a license granted by ordinance to operate her business from a city that had authority to grant her such license to so operate. It follows that her license could be revoked by such city as she had no property right to continue doing business. *Frick* v. *City of Gary* (1922), 192 Ind. 76, 135 N. E. 346.

Young, J., concurs in this opinion.

Note.—Reported in 94 N. E. 2d 665.